UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
LAZAVIER MARSH BEY,                )
                                   )
                   Plaintiff,      )   No. C18-0003RSL
                                   )
           v.                      )
                                   )   ORDER TO SHOW CAUSE
KENT MUNICIPAL COURT CORP.,        )
                                   )
                   Defendant.      )
_____)

This matter comes before the Court *sua sponte*. On January 2, 2018, plaintiff filed a "Notice of Removal: Notice of No Response" asserting that the Kent Municipal Court does not have jurisdiction to compel his participation in a criminal matter and has violated his First and Fourteenth Amendment rights by urging him to retain a lawyer and deeming him a citizen. Dkt. # 4.[1] The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient. Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff must allege sufficient facts to raise a plausible inference that he is entitled to relief. Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that

---

[1] Plaintiff also alleges that he was treated unreasonably and subjected to excessive force by security guards at a Winco Food Store. He has not, however, named the guards as defendants in this matter.

ORDER TO SHOW CAUSE

plaintiff has a right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff has failed to identify the relief requested in this lawsuit. This omission is important not only because it violates Fed. R. Civ. P. 8(a)(3), but also because the type of relief suggested by the factual narrative is foreclosed. If, as appears to be the case, plaintiff is seeking to stop or otherwise enjoin an on-going state criminal action, the Court will abstain from hearing the case under Younger v. Harris, 401 U.S. 37, 40-41 (1971) (noting "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances"). To the extent plaintiff is seeking some other form of relief, he has not identified the nature of the relief and has not raised a plausible inference that Kent Municipal Court could be held liable in this action for the conduct of one of its judges acting in a judicial capacity.

Plaintiff shall, within thirty (30) days of the date of this Order, show cause why the above-captioned matter should not be dismissed for failure to specify the relief requested and/or for failure to allege facts that give rise to a plausible inference that relief is warranted. If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed without prejudice. The Clerk of Court is directed to send a copy of this Order to plaintiff and to note this Order to Show Cause for consideration on the Court's calendar for February 9, 2018.

Dated this 5th day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge